UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FATHER CHRISTOPHER BERNARD )
SIMMONS, )
 )
    Plaintiff )
v. ) No. 3:13-cv-00142
 ) Chief Judge Haynes
 )
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, et al. and )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. Et al. )
and FANNIE MAE REMIC TRUST 2006- )
69; ALL PERSONS UNKNOWN, )
CLAIMING LEGAL OR EQUITABLE )
TITLE, JOHN DOE 1 THROUGH 10 )
INCLUSIVE, )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Christopher Bernard Simmons, filed this pro se action originally in the Chancery Court of Davidson County, Tennessee against the Defendant Fannie Mae REMIC Trust 2006-69 ("REMIC"). Defendants removed this action to this Court under 28 U.S.C. § 1332, the federal diversity statute, without objection. Plaintiff filed an amended complaint with identical claims, but added as Defendants Federal National Mortgage Association ("FNMA") and Mortgage Electronic Registration Systems, Inc. ("MERS").

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 4) contending, in sum, that: (1) REMIC and MERS are not proper parties to this litigation; (2) the judicial doctrine of res judicata bars Plaintiff's claims in this action; (3) Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8's short and plain statement requirement; and (4)

Plaintiff's fraud and concealment claims fail to meet Federal Rule of Civil Procedure 9(b)'s particularity requirements. Id.

Plaintiff filed his response (Docket Entry No. 9) contending, in essence, that his claims are not barred by res judicata because: this action is predicated on newly discovered evidence contained in the Securitization Audit; and because Plaintiff has never before brought an action to quiet title.

For the reasons stated below, the Court concludes that the Defendants' motion to dismiss should be granted, as Plaintiff's claims are barred under the judicial doctrine of res judicata.

## A. Analysis of the Complaint

The Complaint is based on alleged events related to a parcel of residential property located at 3037 Barnes Bend Drive, Nashville, Tennessee (Docket Entry No. 4). In the amended complaint,[1] Plaintiff seeks to quiet title to the property and asserts claims against Defendants including fraudulent misrepresentation and fraudulent concealment of the facts. (Docket Entry No. 1-2). According to the Plaintiff's amended pleading, Defendants "unlawfully sold, [and] assigned the promissory note and deed of trust to the property in question." (Docket Entry No. 1-2). Plaintiff alleges the negotiation of the promissory note "result[ed] in imperfect security interests and claims." Id. at 4. In addition, Plaintiff challenges the assignment of the deed of trust, MERS's ability to assign the deed of trust, and that the foreclosure sale was improper. Id.

## B. Conclusions of Law

---

[1] Plaintiff initially filed a "Petition for Quiet Title in Affidavit Form". (Docket Entry No. 1-1). Plaintiff subsequently filed an "Amended Petition for Quiet Title in Affidavit Form". (Docket Entry No. 1-2). The Court will considering the "Amended Petition for Quiet Title in Affidavit Form" as Plaintiff's Amended Complaint in this action.

2

The property in question has a long history before courts in this district. This action is but one in a serious of actions filed by Plaintiff and his wife Lakish Simmons, either jointly or separately, that seek to avoid the consequences of a defaulted loan. See Simmons, et al. v. Countrywide Home Loans, et al., No. 3:09-cv-621 (M.D. Tenn. 2009), Simmons, et al. v. Countrywide Home Loans, et al., No. 3:09-cv-766 (M.D. Tenn. 2009), Lakisha Simmons v. Countrywide Home Loans, et al., No. 3:11-cv-476 (M.D. Tenn. 2011). In essence, the prior actions and this action concern the promissory note ("Note") and deed of trust executed by the Simmonses, asserting various theories as to why the Note and deed of trust are unenforceable.

On June 29, 2006, Plaintiff and his wife executed a $201,980 loan from Countrywide Home Loans, Inc. The loan is evidenced by the Note. The Note was secured by a lien of a deed of trust on the property located at 3037 Barnes Bend Drive, Nashville, Tennessee. The deed of trust names MERS as "nominee for lender and lenders' successors and assigns . . . [and] is the beneficiary and under the security instrument." Servicing of the loan was transferred to Bank of America, N.A. ("BOA").

Following a 2009 loan default, BOA appointed a substitute trustee to foreclose upon the property. On March 17, 2011, the substitute trustee foreclosed upon the property. At the foreclosure sale, BOA purchased the property and assigned its interest in the property to FNMA.

Under federal law, the judicial doctrines of res judicata and collateral estoppel bar an action based upon legal claims and/or facts asserted in a prior federal action. The res judicata doctrine bars parties "from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Under the collateral estoppel doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

3

on a different cause of action involving a party to the first case." Id. at 94 (citing Montana v. United States, 440 U.S. 147, 153 (1979)). Federal law on res judicata and collateral estoppel obtains if the prior action involved a federal claim. See Allen, 449 U.S. at 94-95.

In Lakisha Simmons v. Countrywide Home Loans, et al., 3:11-cv-476 (M.D. Tenn 2011), the Court reviewed the then-two prior actions filed by Lakisha and Christopher Simmons and dismissed the action under the principles of res judicata. In that action, the Honorable Todd J. Campbell adopted the Honorable E. Clifton Knowles's Report and Recommendation to dismiss the action. In that action, Judge Knowles concluded,

> Four elements must be present for the doctrine of res judicata to bar a subsequent lawsuit: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. **All four elements are clearly present in the case at bar with regard to Defendants Countrywide Home Loans and BAC Home Loans Servicing.**

Id. at Docket Entry No. 75. (citations omitted and emphasis added).

Judge Knowles further addressed the issue of privity, citing the Sixth Circuit decision in ABS Industries, Inc. v. Fifth Third Bank, 333 F. App'x 994, 999 (6th Cir. 2009): "[a]s a general matter, privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata. We find that a mutuality of interest, including an identity of desired result, creates privity between [parties for res judicata purposes]." Id. (alterations in original).

Defendants contend that Plaintiff's assertions about the Note and deed of trust, the securitization of the loan, the transfer of the Note, and the assignment of the deed of trust are all barred by res judicata. In essence, Defendants contend the same factors that supported Judge

4

Knowles's conclusion on res judicata in the prior litigation are present in this action. To bolster this contention, Defendants' emphasize they are in privity with BANA and Countrywide Home loans, and assert Plaintiff's claims should and could have been asserted in prior litigation.

In response, Plaintiff contends his claims are not barred by res judicata as "new evidence exists, uncovered by the Securitization Audit [], concerning the unlawful use of Mortgage Electronic Registration Systems, Inc." (Docket Entry No. 9). In addition, Plaintiff contends this action is not barred by res judicata as he has never before brought an action to quiet title concerning the property in question. Id.

Here, the alleged "new evidence" uncovered by the Securitization Audit could have been previously discovered and presented in prior litigation. Moreover, a quiet title claim could and should have been litigated in a prior action. Thus, the Court concludes the four elements necessary for the doctrine of res judicata to bar a subsequent legal action are present. The Court concludes that this action is barred under the doctrine of res judicata.

The Court also notes that Plaintiff seeks to set aside the trustee's deed and that the trustee's deed be held "null and void for fraudulent misrepresentation and fraudulent concealment of the facts and the Respondents be ordered to reconvey the title to the alleged property to Petitioner forthwith" Yet, under Tennessee law, the basic elements of a fraud claim are: "1) an intentional misrepresentation about a material fact, 2) Knowledge of the representation's falsity, 3) that the person claiming fraud reasonably relied on the misrepresentation and suffered damages, and 4) that the misrepresentation relates to an existing past fact or, if the claim involves promissory fraud, that it embodies a promise of future action without the present intention to carry out the promise." Starnes Family Office v. MaCullar, 765 F. Supp. 2d 1036, 1052 (W.D. Tenn. 2011) (citing Carter

v. Patrick, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2007)).

Additionally, "[f]or concealment or nondisclosure to constitute fraud, the party charged with fraud must have had knowledge of an existing fact or condition and a duty to disclose the fact or condition." McPherson v. Shea Ear Clinic, 2007 WL 1237718, at *10 (Tenn. Ct. App. Apr. 27, 2007) (citing Hill v. John Banks Buick, Inc., 875 S.W.2d 613, 616 (Tenn. Ct. App. 1997). Thus, for Plaintiff to succeed on a fraud claim, he must prove Defendants have a duty to disclose the original promissory note. Under Tennessee law, however, "the duty to disclose arises in three distinct circumstances: (1) "[w]here there is a previous definite fiduciary relation between the parties," (2) "[w]here it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other," and (3) '[w]here the contract or transaction is intrinsically fiduciary and calls for perfect good faith.'" Shah v. Racetrac Petroleum Co., 338 F.3d 557, 571 (6th Cir. 2003) (citing Domestic Sewing Mach. Co. v. Jackson, 83 Tenn. 418, 425 (1885)).

Here, Plaintiff does not allege an actual or intrinsic fiduciary relationship with Defendants. Moreover, Plaintiff appears to contend that the securitization of this loan bars enforcement of the Note and Deed of Trust. Yet, "as a matter of law that securitization alone does not render a note or deed unenforceable, altering a borrower's obligation to pay back a loan. Dauenhauer v. Bank of New York Mellon, 2013 WL 209250, at *4 (M.D. Tenn. 2013). The Court concludes Plaintiff's fraud claims fail to state a claim on which relief can be granted.

Defendants further contend that REMIC and MERS are not proper parties to this action, and that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 requirement of short and plain statement. Yet, because Plaintiff's claims are barred under res judicata, the Court need not address those contentions.

6

For these reasons, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 4) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this 7th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court.